HAYWARD and another, Respondents, vs. CAMPBELL and others, Appellants.

*September 20 — October 9, 1888.*

*Logs and logging: Intermixture: Pleading.*

Sec. 3337, R. S., means that the owner shall make the necessary provision and furnish the necessary labor and materials for driving his logs, which have become intermi xedwith the logs of another, *after* they are so intermixed and while they are floating or being driven with the logs of another; and a denial by defendants that it was through their failure to make the necessary provision or to furnish the necessary material for floating and driving their logs from the place where they became intermingled with plaintiffs' to the place of their destination that the plaintiffs drove, or were necessarily obliged to drive, the same, does not amount to a denial that it was through such failure to make provision or furnish material to drive said logs *intermixed* or *together with* the plaintiffs' logs that the plaintiffs were obliged to so drive them intermixed with their own logs; and such denial, moreover, is consistent with the defendants not having made such provision and furnished such material.

APPEAL from the Circuit Court for *Winnebago* County.

Action to recover compensation for driving logs on Wolf river and its tributaries, under sec. 3337, R. S., and the acts amendatory thereof. The complaint alleges that on the Little Wolf river, near the mouth of Whitcomb creek, 259,933 feet of the defendants' logs became so intermixed with plaintiffs' logs that such logs could not be conveniently separated for floating and driving them to the place of their destination, which was, for all of said logs, the boom of the Wolf River Boom Company on Wolf river; that such logs became so intermixed without any fault or negligence on the part of the plaintiffs, and continued to be so intermixed until floated and driven to their said destination; that the defendants wholly neglected to make the necessary provision and furnish the necessary labor and materials for float-

ing and driving their said logs, which became so intermixed with the plaintiffs' said logs as aforesaid, from the place where they became so intermixed to the place of destination of said logs, and that by reason of such neglect of the defendants the plaintiffs drove and were necessarily obliged to so drive all of the said logs of the defendants which so became intermixed with the plaintiffs' said logs as aforesaid, and the plaintiffs said logs with which defendants' said logs were so intermixed, from the place as aforesaid where the same became so intermixed with plaintiffs' said logs as aforesaid, to the place of destination of the defendants' said logs, to wit, the boom of the Wolf River Boom Company. The complaint also alleges that a reasonable compensation for so driving the defendants' said logs is one dollar per thousand feet, and judgment is demanded accordingly.

The answer alleges, in substance, that the logs became intermingled through the knowledge, authority, and consent of the plaintiffs and as a result of their own actions and those of employees under the direction of the plaintiffs; that they became intermingled without the knowledge, authority, or consent of the defendants or the action of their employees; that the 259,933 feet of logs formed a part of a drive of logs that defendants were driving to the Wolf River Boom; that as soon as the defendants knew of the logs being so intermingled they notified plaintiffs to leave the same and that the defendants would take care of and drive the same with the remaining portion of their drive; that in driving the remaining portion of their drive defendants were necessarily subjected to the same expense as if the 259,933 feet had remained a part of it. The answer denies that the plaintiffs' logs became so intermingled with said 259,933 feet of defendants' logs that the latter could not have been separated from the plaintiffs' logs in the driving of the same to their destination; and alleges that that portion of defendants' logs, forming a part of said 259,933

feet, which increased the expense of the plaintiffs in driving their logs which they had intermingled with the defendants' logs, if there were any such, could have been separated from their said logs without expense to the plaintiffs. The answer then denies that it was through the defendants' neglect to make necessary provision and furnish the necessary material for floating and driving their said logs from the place where said logs became intermingled to the place of their destination, that the plaintiffs drove, or were necessarily obliged to drive, the same, as alleged in the complaint; and denies any indebtedness for such driving of their logs.

The plaintiffs had a verdict for $283.22, and from the judgment thereon the defendants appeal.

That part of the charge of the trial court, referred to in the opinion, relating to the evidence upon the question whether the logs could be conveniently separated, was as follows:

"Now it is claimed on the part of the plaintiffs, and they have given proof tending to show, that these logs could not be conveniently separated. The plaintiff testifies positively to that fact, and plaintiffs' witnesses testify to that fact. There is no direct proof on the part of the defendants that they could be conveniently separated. It is argued, however, on their part, that you are entitled to draw the inference that they could be conveniently separated from certain other facts which are in proof, that is to say, that the proofs here are that the plaintiff testifies that he did not drive this drive clean to Brickleys, but did drive the drive clean after that; and as I understand the argument, you may or may not assume that after that, as he testifies, certain portions of the defendants' logs must have hung up, and this plaintiff might have left, and therefore he wouldn't be entitled to recover for such logs as did hang up. Now there is no proof as to whether any of these logs of the defendants did get hung up, and if there was, how many of them that were hung up;

and on this branch of the question I deem it necessary to say, that while you are allowed the inferences which are reasonable and natural from the evidence which is before you, you are not allowed to draw forced or unnatural inferences, and you are not entitled to substitute theory for evidence."

For the appellants there was a brief by *Hicks & Phillips,* and oral argument by *M. C. Phillips.*

*Gabe Bouck,* for the respondents.

ORTON, J. This action is to recover compensation from the defendants for driving their logs from Little Wolf river down the Wolf river to the boom of the Wolf River Boom Company, on Wolf river, which had become mingled and intermixed with the logs of the plaintiffs being there driven, by virtue of the provisions of sec. 3337, R. S. This section provides that when the logs or timber of different owners on the Wolf river or on any of its tributaries "are so intermixed that they cannot be conveniently separated for floating or driving them to the place of destination, and either owner shall refuse or neglect to make the necessary provision or to furnish the necessary labor and materials for floating or driving the same to such place, any other owner may drive all such logs or timber to such place, and shall receive reasonable compensation for so driving," etc. This statute evidently means that the owner shall make the necessary provision and furnish the necessary labor and materials for floating or driving his logs so intermixed with the logs of another *after* they are so intermixed and while they are floating or being driven with the logs of another. It does not mean that such owner shall make provision and furnish men and materials for driving his logs before they were intermixed or separately; and the complaint is that the defendant failed or neglected to make provision or to furnish necessary labor and materials for so driving them

intermixed and in connection with the logs of the plaintiffs. I speak of this to show that the defendants, in their answer, fail to meet this allegation of the complaint. They deny that it was through their neglect to make the necessary provision and furnish the necessary materials for floating and driving their said logs from the *place* where they became intermingled to the *place* of their destination that the plaintiffs drove, or were necessarily obliged to drive, the same. This denial is consistent with the defendants' not having made such provision and furnished such material, and there is no allegation that they did so make provision or furnish material. But, again, the denial that it was through their failure to make such provision or to furnish such material that the plaintiffs drove, or were obliged to drive, the same from the *place* where they became intermingled to the *place* of their destination, falls short of the material denial that it was through such neglect or failure to make provision or furnish material to drive said logs *intermixed* or *together with* the logs of the plaintiffs that the plaintiffs were obliged to so drive them so intermixed with their own logs. The denial is independent of this very condition that makes the issue, and, for aught it contains, may mean only that they deny that they failed to make provision or furnish material to drive their own logs in connection with their other logs, or in their own way, if the plaintiffs had not caused their intermixture with his logs, which they aver he did. The learned counsel of the appellants alleges as error that the court did not charge the jury in relation to the neglect or refusal of the defendants to so make provision or furnish labor and materials as a *pertinent and material* question in the case. We have seen that there was no such question, because there was no denial of such neglect, and no averment that the defendants did make such provision or furnish such labor and materials. The

allegation of the complaint in this respect was not denied, and was therefore admitted.

It is alleged as error that the court told the jury that "it was not disputed that the plaintiff drove the defendants' logs to the boom," as alleged in the complaint. The allegation of the complaint is that the plaintiffs drove the defendants' logs to the boom of the Wolf River Boom Company, and it was not denied in the answer, and it was said truly that it was not disputed. The distance of the drive was a matter to be considered by the jury in determining the amount of compensation, and that matter was very fairly and fully submitted to the jury. That part of the charge in which the jury were instructed that, " if these logs could not be conveniently separated, and the plaintiffs drove them to the boom, then they would be entitled to recover," is assigned as error, because it omits the other material fact which the jury must find to entitle the plaintiffs to recover, namely, that the defendants neglected and refused to make provision and furnish labor or materials for driving said logs. That fact, as we have seen, was not in dispute, for it is not denied in the answer. There was no other question except this, and amount of compensation, upon which the evidence was not conclusive in favor of the plaintiffs. Upon this question the court stated to the jury that the plaintiffs' testimony and that of their witnesses was that they could not be conveniently separated; and then the court stated further that there was no direct proof on the part of the defendants that they could be conveniently separated; and this last statement, and what the court said in connection with it about drawing inferences from certain other facts and circumstances that they could be conveniently separated, are complained of as erroneous. There is nothing in these instructions that could possibly mislead the jury. The case was a very plain one on the

evidence, and the instructions of the court were brief, clear, and correct, and we think that the evidence was sufficient to warrant the verdict.

*By the Court.*— The judgment of the circuit court is affirmed.

